UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RICK SHOELS, | Civil No. 07-1137 (DSD/SRN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| RICHARD DETERS (Paralegal), | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed In Forma Pauperis," (Docket No. 2), by which he is asking for permission to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

**I. BACKGROUND**

Plaintiff is an inmate at the Federal Correctional Institution at Bastrop, Texas. He is attempting to sue an individual named Richard Deters, who allegedly operates a business known as "Paralegal Research Associates," located in Spring Grove, Minnesota.

Plaintiff alleges that he entered into a contract with Defendant, whereby Defendant agreed to file a motion on Plaintiff's behalf, which would challenge Plaintiff's federal criminal conviction and/or sentence under 28 U.S.C. § 2255. Plaintiff apparently knew that Defendant was not a lawyer, but he allegedly hired Defendant to help him because

Defendant indicated, (falsely, it seems), that his work would be reviewed by an attorney. The agreed upon price for Defendant's services was $4,300, and Plaintiff's mother allegedly paid that amount to Defendant. According to the complaint, Defendant "researched and prepared the Legal Document" as requested. (Complaint, [Docket No. 1], p. (1).) The complaint does not describe what happened to the § 2255 motion allegedly prepared by Defendant, but it can reasonably be inferred that the motion was not successful.

The caption of Plaintiff's current complaint indicates that he is now attempting to bring a "tort" claim against Defendant. Plaintiff is trying to sue Defendant "for the Unauthorized practice of law that [Defendant] provided." (Id., p. (4).) He is seeking a money judgment against Defendant in the total sum of $8,600.00 – a reimbursement of the $4,300.00 that Plaintiff's mother paid to Defendant, and an additional $4,300.00 for what Plaintiff describes as "the simple fact that I cannot appeal pursuant to the motion [Defendant] prepared on my behalf as the 1 year for filing this motion has elapsed." (Id.)

For the reasons discussed below, the Court finds that Plaintiff's lawsuit must be dismissed for lack of jurisdiction.

## II. DISCUSSION

Fed. R. Civ. P. 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (Emphasis added.) "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th

Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

Fed. R. Civ. P. 8 requires that every original civil complaint must include "a short and plain statement of the grounds upon which the court's jurisdiction depends." In this case, however, Plaintiff has not identified any grounds that would allow a federal district court to exercise subject matter jurisdiction. Upon reviewing the complaint, the Court finds that no such grounds exist here.

The Court initially notes that subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331, because there are no allegations suggesting that Plaintiff's claims are based on the Constitution, laws or treaties of the United States. Instead, it clearly appears that Plaintiff's lawsuit can only be based on some state common law theory, (evidently some type of tort theory).

The Court further finds that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute – 28 U.S.C. § 1332. Jurisdiction is conferred by that statute when (i) the parties reside in different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Although Plaintiff's pleading does not explicitly identify the state of residence of either of the parties to this action, the Court will assume, for present purposes, that Plaintiff is a resident of Texas, (where he apparently was convicted, and currently is confined), and that Defendant is a resident of Minnesota, (where he allegedly has been conducting his business). Based on these assumptions, it does appear that the parties are citizens of different states for purposes of § 1332.

However, federal court subject matter jurisdiction does not exist under the diversity

of citizenship statute, because the § 1332 "amount in controversy" requirement is not satisfied in this case. Plaintiff has explicitly alleged that he is seeking a judgment in this case in the total sum of $8,600.00, which obviously is well below the $75,000.00 jurisdictional minimum. Thus, it plainly appears, on the face of Plaintiff's complaint, that subject matter jurisdiction cannot exist under the diversity of citizenship statute.

Because subject matter jurisdiction does not exist in this case under either the federal question statute or the diversity of citizenship statute, the case must be dismissed, sua sponte, pursuant to Fed. R. Civ. P. 12(h)(3). Plaintiff may still be able to pursue his claims against Defendant in state court, but his claims cannot be brought in federal court.

### III. CONCLUSION

For the reasons discussed above, the Court will recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)), and that this action be summarily dismissed for lack of jurisdiction. Because Plaintiff is a prisoner, he will be obligated to pay the full $350 filing fee for this action pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(2).[1]

### IV. RECOMMENDATION

---

[4] Under the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application To Proceed In Forma Pauperis," (Docket No. 2), be DENIED;

2. Plaintiff be required to pay the full $350 filing fee for this action pursuant to 28 U.S.C. § 1915(b); and

3. This action be summarily dismissed for lack of jurisdiction.

Dated:   February 15, 2007

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 5, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.